E. Evans Wohlforth, Jr., Esq.
Calvin K. May, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879
*Attorneys for Defendants*
*Cigna Health and Life Insurance Company*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GIGLIO,<br><br>  Plaintiff,<br><br>-v.-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, as agent for Amec Foster Wheeler; AMEC FOSTER WHEELER; John Does 1-10 (fictitious individuals whose identities are presently unknown); ABC Corp. 1-40 (fictitious entities whose identities are presently unknown),<br><br>  Defendants. | Civil Action No. 18-cv-1499<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division: Hunterdon County, HNT-L-00040-17] |

TO:  Clerk of the Court
  United States District Court
  District of New Jersey
  Martin Luther King Jr. Federal Bldg.
  & U.S. Courthouse
  50 Walnut Street
  Newark, New Jersey 07101

  Joseph F. Trinity, Esq.
  TRINITY & FARISOU, LLC
  47 Maple Ave., Suite 7
  Flemington, NJ 08822
  (908) 824-7265
  *Attorney for Plaintiff*
  *Robert Giglio*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(b), (c) and 1446, Defendant Cigna Health and Life Insurance Company ("Cigna"), through its attorneys Gibbons P.C., with the consent of defendant Amec Foster Wheeler ("Amec Foster") hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because, in Counts One and Two of the Complaint, Plaintiff challenges the alleged failure of Defendants to pay the appropriate amounts for services pursuant to an employer-sponsored health benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"); therefore, these claims are completely preempted by or are expressly raised under ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.    PROCEEDINGS TO DATE

1.    A lawsuit styled *Robert Giglio v. Cigna Health and Life Insurance Company, et al.*, was filed on December 13, 2017, in the Superior Court of New Jersey, Law Division, Hunterdon County (the "State Court Action"). Plaintiff attempted to serve and Cigna first received the Complaint on January 3, 2018.

2.      Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the state court action, consisting at this time of: (a) Summons; (b) Complaint; (c) Civil Case Information Statement; and (d) Track Assignment Notice.[1]

## II.    PLAINTIFFS' COMPLAINT

3.      Plaintiff Robert Giglio alleges that he and his son, Benjamin Giglio, were entitled to benefits under a medical benefits plan (the "Plan") issued by or on behalf of Amec Foster and managed by Cigna.  *See* Ex. A., Compl. ¶ 1.

4.      Plaintiff alleges that Benjamin Giglio received medical treatment for temporomandibular joint dysfunction on three days in January 2017 while the Plan was effective. *Id.* ¶ 2.

5.      Plaintiff alleges that the Plan provides that "charges made for surgical or nonsurgical treatment of 'Temporomandibular Joint Dysfunction' are a 'Covered Expense[]'" and that Defendants are contractually required by the Plan to pay the full amount of the medical expenses on Plaintiff's behalf. *Id.* ¶¶ 3, 4.

6.      Plaintiff alleges that he has fully complied with the Plan, but that Defendants have failed to make payment for the medical expenses causing Plaintiff damages, in breach of the Plan. *Id.* ¶¶ 4-6.

7.      Plaintiff also alleges that Defendants owed Plaintiff a duty of good faith and fair dealing with respect to the Plan, which Defendants breached through the conduct described above. *Id.* ¶¶ 8, 9.

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of the truth thereof.  Defendants do not waive, and hereby expressly reserve, all rights, privileges, and defenses in this matter.

8. The Complaint alleges two counts. Count One, alleging breach of contract, purports to assert a state law claim, but arises out of Defendants' alleged failure to pay benefits for services rendered in connection with the provision of medical benefits under the Plan to Plaintiff's son. *Id.* ¶¶ 1-6. Count Two claims breach of the covenant of good faith and fair dealing based on the same conduct. *Id.* ¶¶ 7-9.

9. On information and belief, all of the claims at issue in this matter are covered by a health plan(s) provided as an employee benefit by Amec Foster and thus are governed by ERISA. *See* 29 U.S.C. § 1002(1)(A).

10. Because, as detailed below, the Complaint challenges the Defendants' alleged failure to pay the appropriate amounts for services pursuant to an employee benefit plan subject to ERISA, this action concerns claims for benefits offered to ERISA plan participants.

### III. GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

11. As described in Part II above, because Plaintiff complains about alleged failures to pay benefits under ERISA-governed plans, any state-law claims against Defendants based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges he is a beneficiary of an employee-benefit health plan. Compl. ¶ 1. Therefore, Plaintiff has standing to pursue an ERISA action. 29 U.S.C.S. § 1132(a). As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

12. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

13. In *Davila*, two members of ERISA-governed plans asserted state-law claims against managed care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. *Id.* at 204-05. There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

14. The same is true here because Counts One and Two derive solely from coverage determinations made under Plaintiff's ERISA-regulated health benefit plan. *Id.* Such claims are preempted "no matter how couched." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001). All causes of action in the Complaint are thus preempted by ERISA, and this action is properly removable to this Court. *See Davila*, 542 U.S. at 213.

15. Count One of the Complaint alleges breach of contract arising from Defendants' alleged failure to pay benefits. *See* Compl. ¶¶ 1-6. It is well settled that a claim for benefits under an ERISA plan or policy is preempted, even when couched as a claim for breach of contract. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) ("[S]uits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a).").

16. Count Two of the Complaint alleges a breach of the covenant of good faith and fair dealing. *See* Compl. ¶¶ 7-9. Such a claim is expressly preempted if "'it has a connection with or reference to'" an ERISA plan. *See Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012) (common law claims, including for breach of the implied duty of good faith and fair dealing, preempted because "claims have 'a connection with' the ERISA plans because they are premised on the existence of the plans.").

## V.   SUPPLEMENTAL JURISDICTION

17. This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI.   VENUE

18. The State Court Action was filed in the Superior Court of New Jersey, Law Division, Hunterdon County, which is within this judicial district. *See* 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII.   TIMELINESS

19. Plaintiff attempted to serve and Cigna first received a copy of the Complaint on January 3, 2018.

6

20. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

### VIII.   NOTICE

21. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed with the clerk of the Superior Court of New Jersey, Law Division, Hunterdon County.

### IX.   CONSENT

22. All Defendants consent and join in this Notice of Removal.

### CONCLUSION

23. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

24. Based on the foregoing, Defendant Cigna respectfully requests that this action proceeds in this Court as an action properly removed to it.

Respectfully submitted,

Dated: February 2, 2018  By:  *s/ E. Evans Wohlforth, Jr.*
Newark, New Jersey  E. Evans Wohlforth, Jr., Esq.
Calvin K. May, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (973) 596-4879
Fax:  (973) 639-6486
ewohlforth@gibbonslaw.com

cmay@gibbonslaw.com
*Attorneys for Defendants Cigna Health and Life Insurance Company*

8

Case 3:18-cv-01499-MAS-LHG   Document 1   Filed 02/02/18   Page 8 of 8 PageID: 8